NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 9 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HAWSHON RILEY; DAGNY RILEY, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> CALIBER HOME LOANS, INC.; U.S. BANK TRUST, N.A., as trustee for LSF9 Master Participation TrustU.S. Bank Trust, N.A.  as trustee for LSF9 Master Participation Trust; QUALITY LOANS SERVICE CORPORATION, <br><br> Defendants-Appellees, <br><br> and <br><br> MILLENNIUM MORTGAGE CORP.; BANK OF AMERICA, N.A.; BAC HOME LOANS SERVICING, LP; MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC.; OWEN LOAN SERVICING, LLC; DOES, <br><br> Defendants. | No.   21-55909 <br><br> D.C. No. <br> 2:20-cv-01497-DSF-KS <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted June 7, 2022[]
Pasadena, California

Before:  M. SMITH, BADE, and VANDYKE, Circuit Judges.

Plaintiffs Hawshon Riley and Dagny Riley appeal from the district court's order granting summary judgment against them.[1]  We have jurisdiction pursuant to 28 U.S.C. § 1291, and reviewing de novo, we affirm.  *See Buono v. Norton*, 371 F.3d 543, 545 (9th Cir. 2004).

Plaintiffs asserted three claims against Defendants in the district court, all of which primarily allege that foreclosure on their residence was dual tracked while a loan modification review was pending.  First, Plaintiffs alleged that Defendants engaged in dual tracking under California Civil Code Section 2923.6(c), which prohibits a mortgage servicer from "continu[ing] foreclosure proceedings while reviewing a homeowner's application for a loan modification." *Lueras v. BAC Home Loans Servicing, LP*, 163 Cal. Rptr. 3d 804, 835 n.14 (Cal. Ct. App. 2013).  To prove dual tracking under section 2923.6(c), Plaintiffs had to show that Defendants (1) recorded a notice of default, (2) recorded a notice of trustee's sale, or (3) completed a trustee's sale, *while* a loan modification application was being reviewed or during the time it could be appealed (30 days after its written denial).  *See*

---

 [**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[1] The parties are familiar with the facts, so we do not repeat them here.

Cal. Civ. Code § 2923.6(c). The undisputed evidence shows that no trustee's sale has been completed and the Notice of Default and Notice of Trustee's Sale were recorded in December 2016 and March 2018, respectively. Plaintiffs applied for loan modifications in March or April of 2017, April 2019, July 2019, and October 2019. Defendants approved the 2017 loan modification, but Plaintiffs failed to accept this modification offer and did not make any payments under it. Defendants denied the remaining loan modifications in writing approximately thirty days after each was submitted. The undisputed evidence shows that none of Plaintiffs' loan modification applications were pending (or in the 30-day window to appeal) when the Notice of Default and Notice of Trustee's Sale were recorded in December 2016 and March 2018. Accordingly, summary judgment was properly granted in favor of Defendants as to Plaintiffs' section 2923.6(c) claim.

Second, Plaintiffs claimed that Defendants breached the implied covenant of good faith and fair dealing. To prevail, Plaintiffs had to show "(1) the parties entered into a contract; (2) the plaintiff fulfilled his obligations under the contract; (3) any conditions precedent to the defendant's performance occurred; (4) the defendant unfairly interfered with the plaintiff's rights to receive the benefits of the contract; and (5) the plaintiff was harmed by the defendant's conduct." *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 968 (N.D. Cal. 2010) (citing Judicial Council of California Civil Jury Instruction No. 325). Plaintiffs do not dispute that they failed

to perform and are in default under the loan documents (since at least 2009), which permitted Defendants to proceed with foreclosure actions. *See Storek & Storek, Inc. v. Citicorp Real Est., Inc.*, 122 Cal. Rptr. 2d 267, 276 (Cal. Ct. App. 2002) (noting that "an implied covenant of good faith and fair dealing cannot contradict the express terms of a contract"). Further, Plaintiffs' assertions that Defendants breached the loan documents by taking steps to foreclose while a loan modification application was pending or that Defendants arbitrarily denied their request for a loan modification are wholly unsupported by the record. The undisputed facts show that Defendants provided written reasons for denying each loan modification and never took steps to foreclose while a loan modification application was pending. Accordingly, summary judgment was properly granted in favor of Defendants as to Plaintiffs' implied covenant of good faith and fair dealing claim.

Finally, Plaintiffs claimed that Defendants' alleged violation of section 2923.6(c) and alleged breach of the implied covenant amounted to a violation of California's Unfair Competition Law (UCL). Cal. Bus. & Prof. Code § 17200. Because the district court properly granted summary judgment against Plaintiffs on the first two claims, summary judgment was also properly granted as to the derivative UCL claim. *Krantz v. BT Visual Images, L.L.C.*, 107 Cal. Rptr. 2d 209, 219 (Cal. Ct. App. 2001) (holding that a UCL claim stands or falls "depending on the fate of the antecedent substantive causes of action"). Further, Plaintiffs lack standing to assert

4

the UCL claim because the undisputed evidence shows that the foreclosure sale has not been completed so Plaintiffs failed to establish the necessary loss of money or property from the alleged unfair competition. *Hall v. Time Inc.*, 70 Cal. Rptr. 3d 466, 469–70 (Cal. Ct. App. 2008) (citing Cal. Bus. & Prof. Code § 17204).

Summary judgment was properly granted. **AFFIRMED**.